THE STATE *v.* HANS MARGERUM and FRED SEYMOUR.

CRIMINAL LAW.    *Venue.    Property taken in one county but carried into another.*    The defendants in this case were, at the time they committed the offense, prisoners, and in charge of an officer, who was taking them to Memphis from Jackson, where they had been tried and remanded to Shelby county for rehearing, and when in Fayette county on their way, they took from the person of the prosecutor his watch, and carried it to Shelby county.    *Held,* that they were properly tried in Shelby county for this offense, as they knew they were certainly going to Shelby county, under the circumstances, and the carrying of the goods to that county, in such case, was not involuntary.

### FROM SHELBY.

Appeal from the Criminal Court.    T. H. LOGWOOD, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

L. B. HORRIGAN for the appellants.

FREEMAN, J., delivered the opinion of the court.

The only question in this case is, whether the parties could be rightfully tried in Shelby county, the original taking being in Fayette county.    The facts are, that the parties were chained together, and in custody of the sheriff of Madison county, being carried from this county to the jail of Shelby county, to which they had been remanded by order of the court

State *v.* Margerum and Seymour.

for new trials granted in their cases. The prosecutor, one Curry, was in the car where the prisoners were, when the defendants got into a difficulty with him, and robbed him of his watch and chain. They carried it on to Shelby county, where it was taken from the possession of another prisoner who was along with them in the cars. It is insisted this was not a voluntary carrying of the property into Shelby county, so as to make the parties indictable in that county, but that Fayette county is the county of the venue.

In support of this view, the case of *Rex* v. *Simmonds*, Moody's Cr. Cases, vol. 1, 408, is cited. In that case the prisoner was indicted in the county of Kent for stealing two horses. He was apprehended in Surrey, and stated he had been to Dorking to bring the horses, and they belonged to his brother. The police officer then proposed to go to Bromley with him, in order to ascertain the fact. After going part of the way, the defendant said he had left a parcel at some place in Kent, whereupon the police officer went to Kent with him. When they arrived at the designated place, the horses were put up, and the prisoner escaped, but was afterwards arrested and tried in Kent. It was held by the judges of England, that there was no evidence of stealing in Kent, and that the prisoner was only triable in Surrey, where the horses were taken.

This is all very well, but does not meet this case. Here the prisoners stole the articles while in custody of the sheriff, with the purpose of carrying them to Shelby county, their certain destination. The watch

and chain were so carried in pursuance of their purpose, so that the carrying into Shelby was as much their voluntary act as if they had been free from custody, and had stolen the articles in one county with the design of carrying to the other—in fact it was more certain in this case that the articles would be carried to Shelby than if they had been free, and the purpose is equally clear. We do not think this objection tenable, and the proof being clear, the case is free from doubt.

The judgment must be affirmed.